**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **BRYAN BLANN, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHESAPEAKE WASTE INDUSTRIES, LLC,**<br><br>**Defendant.** | **Case No. ___________________**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff—Bryan Blann ("Plaintiff" or "Blann")—brings this action individually and on behalf of all current and former Drivers (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendant—Chesapeake Waste Industries, LLC ("Chesapeake Waste")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, treble damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. § 3-401 *et seq.* (the "MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. § 3-501 *et seq.* (the "MWPCL").

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and class actions pursuant to the MWHL and the MWPCL under Fed. R. Civ. P. 23, to recover unpaid overtime wages, liquidated damages, treble damages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Chesapeake Waste at any time during the relevant time period(s) through the final disposition of this matter, and were paid a day rate only but no overtime compensation in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period(s), Chesapeake Waste knowingly and deliberately failed to pay Plaintiff and the Putative Collective/Class Members overtime compensation on a routine and regular basis.

5. Specifically, Chesapeake Waste's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked and recorded hours in excess of forty (40)—was (and is) to pay them a day rate but no overtime for hours worked in excess of forty (40) hours per workweek.

6. The effect of Chesapeake Waste's practices is that Plaintiff and the Putative Collective/Class Members were (and are) not paid the proper amount of overtime for hours worked in excess of forty (40) per workweek; thus, Chesapeake Waste has failed to properly compensate Plaintiff and the Putative Collective/Class Members under the FLSA, the MWHL, and the MWPCL.

7. Chesapeake Waste knowingly and deliberately failed to pay Plaintiff and the Putative Collective/Class Members the proper amount of overtime on a routine and regular basis during the relevant time period(s).

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA, the MWHL, or the MWPCL.

9. Plaintiff and the Putative Collective/Class Members did not (and currently do not) earn a salary thereby nullifying any "salary-based" exemption. *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 61, 143 S. Ct. 677, 692, 214 L. Ed. 2d 409 (2023).

10. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime compensation, liquidated damages, treble damages, consequential damages, and other damages owed under the MWHL and the MWPCL as class actions pursuant to Fed. R. Civ. P. 23.

11. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 classes are certified as defined herein, with Plaintiff Blann designated as the Class Representative of the MWHL Class and the MWPCL Class.

## II.
## THE PARTIES

13. Plaintiff—Bryan Blann ("Blann")—was employed by Chesapeake Waste in Maryland during the relevant time period(s). Plaintiff Blann did not receive overtime compensation for hours worked in excess of forty (40) hours per workweek.[1]

14. The FLSA Collective Members are those current and former Drivers who were employed by Chesapeake Waste, anywhere in the United States, at any time from May 28, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Blann worked and was paid.

[1] The written consent of Bryan Blann is attached hereto as Exhibit "A."

15. The MWHL Class Members are those current and former Drivers who were employed by Chesapeake Waste, in Maryland, at any time from the relevant statute of limitations date, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Blann worked and was paid.

16. The MWPCL Class Members are those current and former Drivers who were employed by Chesapeake Waste, in Maryland, at any time from the relevant statute of limitations date, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Blann worked and was paid.

17. Defendant Chesapeake Waste Industries, LLC ("Chesapeake Waste") is a domestic limited liability company with its principal place of business in Salisbury, Maryland, and may be served through its registered agent for service of process: **John M. Speake III, 4890 Drawbridge Road, Cambridge, Maryland 21613-0306**.

## III.
## JURISDICTION & VENUE

18. This Court has federal question jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

19. This Court has supplemental jurisdiction over the additional Maryland state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

20. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

21. This Court has general personal jurisdiction over Chesapeake Waste because Maryland qualifies as its home state because it is a Maryland limited liability company and its principal office is located in Salisbury, Maryland, which is located within this District and Division.

22. Venue is proper pursuant to 28 U.S.C. § 1391 in the District of Maryland because Chesapeake Waste maintains its corporate headquarters in Salisbury, Maryland, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

23. Defendant Chesapeake Waste is a Maryland-based waste-hauling and disposal company that collects, transports, and disposes of solid waste throughout Maryland's Eastern Shore.[2]

### Plaintiff and the Putative Collective/Class Members are Similarly Situated

24. To provide its services, Chesapeake Waste employed (and continues to employ) numerous Drivers who were paid a day rate and no overtime—including Plaintiff and the individuals that make up the putative collective and class.

25. Plaintiff and the Putative Collective/Class Members were employed by Chesapeake Waste as Drivers who were paid a day rate but were not paid overtime for hours worked in excess of forty (40) hours each workweek.

26. Plaintiff and the Putative Collective/Class Members' job duties include driving Chesapeake Waste's trash-hauling trucks along assigned routes, picking up solid waste from residential and commercial customers, and transporting that waste to a landfill for disposal at the end of the workday.

27. While exact job titles may differ, these Drivers were subjected to the same or similar illegal pay practices for similar work.

28. Importantly, none of the FLSA, the MWHL, or the MWPCL exemptions relieving a covered employer (such as Chesapeake Waste) of the statutory duty to pay its employees overtime at

[2] https://www.chesapeakewaste.com (last visited May 10, 2026).

one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29. Plaintiff Blann was employed by Chesapeake Waste as a Driver in Cambridge, Maryland from approximately December 2019 until January 2025.

30. During their respective dates of employment with Chesapeake Waste, Plaintiff and the Putative Collective/Class Members typically worked five (5) days a week, beginning their shifts at approximately 4:30 a.m. and not finishing until approximately 2:30 p.m., for an average of approximately ten (10) hours per day and fifty (50) hours per workweek.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Chesapeake Waste resulting in the complained of FLSA and the MWHL violations.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties—that is, they all drive Chesapeake Waste's trash-hauling trucks along assigned routes, collect waste from customers, and deliver that waste to the landfill.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that Chesapeake Waste pays all of them a flat day rate for each day worked, regardless of the number of hours they actually work, and Chesapeake Waste does not pay them any additional compensation for hours worked in excess of forty (40) per workweek.

34. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to Chesapeake Waste's policies (and practices) resulting in the complained of FLSA, the MWHL, and the MWPCL violations.

**Chesapeake Waste Failed to Pay Overtime**

35. Chesapeake Waste paid Plaintiff and the Putative Collective/Class Members a day rate for each day worked. That is, Plaintiff and the Putative Collective/Class Members did not get paid if they did not work.

36. Specifically, Chesapeake Waste paid Plaintiff Blann a day rate of approximately one hundred seventy dollars ($170.00) per day worked, regardless of the number of hours he worked that day, and did not pay him any additional compensation for hours worked in excess of forty (40) per workweek.

37. The FLSA, the MWHL, and the MWPCL mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

38. Plaintiff and the Putative Collective/Class Members regularly worked in excess of forty (40) hours per workweek but never received overtime compensation.

39. Specifically, Plaintiff and the Putative Collective/Class Members regularly worked in excess of fifty (50) hours each workweek.

40. Chesapeake Waste applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Collective/Class Members were Chesapeake Waste's non-exempt employees, entitled to overtime compensation.

41. As a result of Chesapeake Waste's day-rate-and-no-overtime policy, Plaintiff and the Putative Collective/Class Members worked overtime hours for which they were not compensated at the rates required by the FLSA, the MWHL, and the MWPCL.

42. Chesapeake Waste knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for overtime compensation in violation of the FLSA, the MWHL, and the MWPCL.

43. Chesapeake Waste's actions therefore constitute willful violations under the law and were not made in good faith.

44. Chesapeake Waste knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and the Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

45. Because Chesapeake Waste did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Chesapeake Waste's pay policies and practices willfully violated (and continue to violate) the FLSA, the MWHL, and the MWPCL.

46. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid overtime, liquidated damages, treble damages, consequential damages, and other damages owed under the MWHL and the MWPCL as class actions pursuant to Fed. R. Civ. P. 23.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

47. The preceding paragraphs are incorporated as though fully set forth herein.

48. The "FLSA Collective" is defined as:

**ALL CURRENT AND FORMER DRIVERS WHO WERE EMPLOYED BY CHESAPEAKE WASTE INDUSTRIES, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MAY 28, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME ("FLSA Collective Members").**

49. At all material times, Chesapeake Waste has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

50. At all material times, Chesapeake Waste has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

51. At all material times, Chesapeake Waste has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a waste-collection and disposal business and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

52. Specifically, Chesapeake Waste employs Drivers to collect, transport, and dispose of solid waste for its customers throughout Maryland; purchases trucks, fuel, dumpsters, tools, equipment, and other materials that have been moved in commerce; and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail, and the Internet.

53. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Chesapeake Waste, these individuals provided services for Chesapeake Waste that involved interstate commerce for purposes of the FLSA.

54. In performing work for Chesapeake Waste, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

55. Plaintiff and the FLSA Collective Members are (or were) employees who provided waste-collection, hauling, and disposal services to Chesapeake Waste's customers throughout Maryland and the surrounding region. 29 U.S.C. § 203(j).

56. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

57. The proposed collective of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in paragraph 48.

58. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Chesapeake Waste.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

59. Chesapeake Waste violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of a waste-collection and disposal business, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

60. Moreover, Chesapeake Waste knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

61. Chesapeake Waste knew or should have known its pay practices were in violation of the FLSA.

62. Chesapeake Waste is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

63. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted Chesapeake Waste to pay them according to the law.

64. The decision and practice by Chesapeake Waste to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

65. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Chesapeake Waste's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

68. Other employees have been victimized by Chesapeake Waste's pay practices and patterns that are in willful violation of the FLSA.

69. The FLSA Collective is defined in paragraph 48.

70. Chesapeake Waste's failure to pay overtime compensation for the hours that Plaintiff and the FLSA Collective Members worked over forty (40) hours each workweek resulted from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Collective Members.

71. Thus, Plaintiff's experiences are typical of those of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

73. All FLSA Collective Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

75. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and Chesapeake Waste will retain the proceeds of its violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

77. Accordingly, the FLSA Collective of similarly situated plaintiffs should be certified as defined in paragraph 48 and notice should be promptly sent.

## SECOND CAUSE OF ACTION
**(Class Action Alleging Violation of the MWHL)**

### A. MWHL COVERAGE

78. The preceding paragraphs are incorporated as though fully set forth herein.

79. The "MWHL Class" is defined as:

> **ALL CURRENT AND FORMER DRIVERS WHO WERE EMPLOYED BY CHESAPEAKE WASTE INDUSTRIES, LLC, IN MARYLAND, AT ANY TIME FROM MAY 28, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME ("MWHL Class Members").**

80. At all material times, Chesapeake Waste was a covered "employer" within the meaning of MD. CODE, LAB. & EMPL. § 3-401(b).

81. At all material times, Plaintiff Blann and each MWHL Class Member was Chesapeake Waste's covered "employee" within the meaning of MD. CODE, LAB. & EMPL. § 3-401(c).

82. Maryland law requires each covered employer, including Chesapeake Waste, to compensate all non-exempt employees, including Plaintiff and the other MWHL Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over forty (40) in a workweek. *See* MD. CODE, LAB. & EMPL. §§ 3-415(a), 3-420(a).

**B. FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL**

83. Chesapeake Waste failed to pay Plaintiff Blann and the other MWHL Class Members overtime wages at one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in a workweek by failing to pay any overtime compensation whatsoever for the hours they worked in excess of forty (40) per workweek.

84. Chesapeake Waste violated, and is violating, Maryland law by employing non-exempt employees (Plaintiff Blann and the other MWHL Class Members) for workweeks longer than forty (40) hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after forty (40) in a workweek, in violation of MD. CODE, LAB. & EMPL. §§ 3-415(a), 3-420(a).

85. In violating the MWHL, Chesapeake Waste acted knowingly, willfully, and with reckless disregard of clearly applicable Maryland law.

86. Chesapeake Waste's unlawful conduct harmed Plaintiff Blann and the other MWHL Class Members by depriving them of the overtime wages they are owed. Accordingly, Plaintiff Blann and the other MWHL Class Members are entitled to recover their unpaid overtime wages in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as reasonable counsel fees and other costs under MD. CODE, LAB. & EMPL. § 3-427.

**C. MWHL CLASS ALLEGATIONS**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. Plaintiff Blann brings this Count under Maryland law as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and the MWHL Class Members defined in paragraph 86.

89. **Numerosity**: The MWHL Class is so numerous that joinder of all members is impracticable. On information and belief, there are dozens, if not hundreds, of current and former Drivers who were employed by Chesapeake Waste in Maryland during the relevant time period and were subjected to the same illegal pay practices.

90. **Commonality:** There are questions of law and fact common to the MWHL Class, including but not limited to: whether Chesapeake Waste failed to pay Plaintiff Blann and the MWHL Class Members overtime compensation for hours worked in excess of forty (40) per workweek, in violation of the MWHL; whether Chesapeake Waste's pay practices violated the MWHL's overtime requirement; and whether Chesapeake Waste's conduct was willful and not in good faith.

91. **Typicality**: Plaintiff Blann's claims are typical of the claims of the MWHL Class Members. Plaintiff Blann and the MWHL Class Members worked the same or similar job duties, were paid the same flat day rate without overtime, and were denied overtime under the same pay practices.

92. **Adequacy**: Plaintiff Blann will fairly and adequately protect the interests of the MWHL Class. Plaintiff Blann's interests are coextensive with, and not antagonistic to, those of the absent MWHL Class Members. Plaintiff Blann is represented by counsel experienced in litigating wage-and-hour collective and class actions.

93. **Predominance and Superiority**: Common questions of law and fact predominate over any individual questions affecting only individual MWHL Class Members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, among other things, the MWHL Class Members lack the financial resources or incentive to prosecute

individual actions, and a class action will conserve judicial resources and ensure consistent adjudication.

94. Accordingly, the MWHL Class should be certified as defined in paragraph 79.

**THIRD CAUSE OF ACTION**
**(Class Action Alleging Violation of the MWPCL)**

**A. MWPCL COVERAGE**

95. The preceding paragraphs are incorporated as though fully set forth herein.

96. The "MWPCL Class" is defined as:

**ALL CURRENT AND FORMER DRIVERS WHO WERE EMPLOYED BY CHESAPEAKE WASTE INDUSTRIES, LLC, IN MARYLAND, AT ANY TIME FROM MAY 28, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME ("MWPCL Class Members").**

97. At all material times, Chesapeake Waste was a covered "employer" within the meaning of Md. Code, Lab. & Empl. § 3-501(b).

98. At all material times, Plaintiff Blann and each MWPCL Class Member was Chesapeake Waste's "employee" within the meaning of MD. CODE, LAB. & EMPL. § 3-501(c).

99. Maryland law requires employers, like Chesapeake Waste, to pay employees, including Plaintiff Blann and the other MWPCL Class Members, all wages due on each regular payday and, upon termination, all wages due for work that the employee performed before the termination of employment. *See* MD. CODE, LAB. & EMPL. §§ 3-502, 3-505(a).

**B. FAILURE TO PAY ALL WAGES DUE UNDER THE MWPCL**

100. The Supreme Court of Maryland has held that earned but unpaid overtime compensation owed under the MWHL constitutes a "wage" within the meaning of the MWPCL and is recoverable through a private action under the MWPCL. *See Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646 (2014).

101. Chesapeake Waste failed to pay Plaintiff Blann and the other MWPCL Class Members the overtime wages they earned under the FLSA and the MWHL — at one and one-half times their regular rates of pay for all hours worked in excess of forty (40) per workweek — on each regular payday during their employment and again upon termination of their employment, in violation of MD. CODE, LAB. & EMPL. §§ 3-502 and 3-505(a).

102. In violating the MWPCL, Chesapeake Waste acted knowingly, willfully, and with reckless disregard of clearly applicable Maryland law.

103. Chesapeake Waste's failure to pay Plaintiff Blann and the MWPCL Class Members their earned and unpaid overtime wages on each regular payday and upon termination was not the result of a bona fide dispute. Chesapeake Waste knew that Plaintiff Blann and the MWPCL Class Members regularly worked more than forty (40) hours per workweek, knew that the FLSA and the MWHL required overtime compensation at one and one-half times the regular rate for all such hours, and had no good-faith basis to believe that paying a flat day rate without any overtime premium complied with Maryland law.

104. Chesapeake Waste's withholding of Plaintiff Blann's and the MWPCL Class Members' earned overtime wages caused them consequential damages. Because Chesapeake Waste did not timely pay the overtime wages owed, Plaintiff Blann and the MWPCL Class Members were deprived of the use of those funds during the periods of withholding and incurred consequential financial harm, including, but not limited to, the inability to meet ordinary and necessary household expenses on time, accrued interest and late fees on credit card balances and other obligations, foregone savings, and other out-of-pocket losses attributable to Chesapeake Waste's failure to pay wages when due.

105. Chesapeake Waste's unlawful conduct harmed Plaintiff Blann and the other MWPCL Class Members by depriving them of the wages they earned and are owed for work performed. Accordingly, Plaintiff Blann and the other MWPCL Class Members are entitled to recover their unpaid

earned wages, plus an additional amount equal to up to two (2) times the unpaid wages as treble damages — for a total recovery of up to three (3) times the unpaid wages — as well as reasonable counsel fees and other costs under MD. CODE, LAB. & EMPL. § 3-507.2.

**C. MWPCL CLASS ALLEGATIONS**

106. All previous paragraphs are incorporated as though fully set forth herein.

107. Plaintiff Blann brings this Count under the MWPCL as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and the MWPCL Class Members defined in paragraph 86.

108. **Numerosity**: The MWPCL Class is so numerous that joinder of all members is impracticable. On information and belief, there are dozens, if not hundreds, of current and former Drivers who were employed by Chesapeake Waste in Maryland during the relevant time period and were subjected to the same illegal pay practices.

109. **Commonality**: There are questions of law and fact common to the MWPCL Class, including but not limited to: whether Chesapeake Waste failed to pay Plaintiff Blann and the MWPCL Class Members their earned overtime wages on each regular payday and upon termination; whether Chesapeake Waste's failure to pay was the result of a bona fide dispute under MD. CODE, LAB. & EMPL. § 3-507.2; whether Chesapeake Waste's withholding caused consequential damages to Plaintiff Blann and the MWPCL Class Members; and whether Chesapeake Waste's conduct was willful and not in good faith.

110. **Typicality**: Plaintiff Blann's claims are typical of the claims of the MWPCL Class Members. Plaintiff Blann and the MWPCL Class Members worked the same or similar job duties, were paid the same flat day rate without overtime, and were denied earned overtime wages under the same pay practices.

111. **Adequacy**: Plaintiff Blann will fairly and adequately protect the interests of the MWPCL Class. Plaintiff Blann's interests are coextensive with, and not antagonistic to, those of the absent MWPCL Class Members. Plaintiff Blann is represented by counsel experienced in litigating wage-and-hour collective and class actions.

112. **Predominance and Superiority**: Common questions of law and fact predominate over any individual questions affecting only individual MWPCL Class Members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, among other things, the MWPCL Class Members lack the financial resources or incentive to prosecute individual actions, and a class action will conserve judicial resources and ensure consistent adjudication.

113. Accordingly, the MWPCL Class should be certified as defined in paragraph 96.

## VI.
## RELIEF SOUGHT

114. Plaintiff Blann respectfully prays for judgment against Chesapeake Waste as follows:

a. For an Order certifying the FLSA Collective as defined in paragraph 48;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Chesapeake Waste liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the MWHL Class as defined in paragraph 79 and designating Plaintiff Blann as Representative of the MWHL Class;

e. For an Order pursuant to Maryland law awarding Plaintiff Blann and the MWHL Class Members damages for unpaid overtime wages, an additional equal amount as liquidated damages under MD. CODE, LAB. & EMPL. § 3-427, and reasonable counsel fees and other costs pursuant to MD. CODE, LAB. & EMPL. § 3-427;

f. For an Order certifying the MWPCL Class as defined in paragraph 96 and designating Plaintiff Blann as Representative of the MWPCL Class;

g. For an Order pursuant to Maryland law awarding Plaintiff Blann and the MWPCL Class Members damages for unpaid wages, an additional amount equal to up to two (2) times the unpaid wages as treble damages — for a total recovery of up to three (3) times the unpaid wages — together with consequential damages as proved, under MD. CODE, LAB. & EMPL. § 3-507.2, and reasonable counsel fees and other costs pursuant to MD. CODE, LAB. & EMPL. § 3-507.2;

h. For an Order awarding the costs of this action;

i. For an Order awarding attorneys' fees;

j. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

k. For an Order awarding Plaintiff Blann a service award as permitted by law;

l. For an Order compelling the accounting of the books and records of Chesapeake Waste, at Chesapeake Waste's expense (should discovery prove inadequate); and

m. For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 5, 2026

Respectfully submitted,

**ZIPIN, AMSTER & GREENBERG, LLC**

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg, MD Fed Bar No. 17291
Email: GGreenberg@ZAGFirm.Com
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: (301) 587-9373

**ANDERSON ALEXANDER, PLLC**

*/s/ Clif Alexander*
**Clif Alexander** (*Pro Hac Vice* Anticipated)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (*Pro Hac Vice* Anticipated)
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy** (*Pro Hac Vice* Anticipated)
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings** (*Pro Hac Vice* Anticipated)
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and Putative Collective/Class Members***